## BAILEY *v.* STATE.*

(Division A. March 7, 1927.)

[111 So. 586. No. 26156.]

1. INDICTMENT AND INFORMATION. *Conviction may be had for assault and battery under indictment for murder (Hemingway's Code, section 1257)*.

    Under Code 1906, section 1499 (Hemingway's Code, section 1257), conviction for assault and battery may be had under indictment charging crime of murder.

2. ASSAULT AND BATTERY. *Indictment held not defective for failing to properly charge intent to kill and murder, where conviction was only for assault and battery.*

    Indictment charging assault and battery in appropriate and technical language, although intended to charge assault and battery with intent to kill and murder, *held* not defective for failure to properly charge such intent, where conviction thereunder was for assault and battery only.

*Corpus Juris-Cyc References: Assault and Battery, 5CJ, p. 759, n. 11; Indictment and Information, 31CJ, p. 866, n. 94.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

C. S. Bailey was convicted of assault and battery, and he appeals. Affirmed.

The indictment directed to be reported was as follows:
"The State of Mississippi, County of Hinds, First Dis-
  trict, Circuit Court, June Term, A. D. 1926, First
  Judicial District, Hinds County.

"The grand jurors for the state of Mississippi, taken
from the body of the good and lawful men of said district
and county, elected, impaneled, sworn and charged to
inquire in and for the county and district aforesaid, of
the court aforesaid, in the name and by the authority of
the state of Mississippi, upon their oaths present that
C. S. Bailey, late of the county aforesaid, in said county
and district, 22d day of June, A. D. 1926, did then and
there willfully, feloniously, and of malice aforethought
upon the person of Glen Brown with a certain deadly
weapon, to-wit, a knife, an assault made, and him, the said
Glen Brown, with a knife aforesaid, did strike, wound,
and maim with intent, him, the said Glen Brown, willfully,
feloniously, and of his malice aforethought did kill and
murder, contrary to the form of the statute in such cases
made and provided, and against the peace and dignity
of the state of Mississippi.

"J. H. Howie, District Attorney."

*Chas. W. Crisler,* for appellant.

It is contended by the appellant that this indictment
does not set forth the nature and the cause of the accusa-
tion against him; therefore, it is fatally defective; and
this fact may be taken advantage of for the first time in
this court even though a demurrer was not interposed
to the indictment before verdict in the lower court. See
section 1168, Hemingway's Code (section 1413, Code of
1906) known as the criminal statute of jeofails. That this
statute applies only to such defects in the indictment as
can be waived and that constitutional rights cannot be
waived is well settled in *Newcomb* v. *State,* 37 Miss. 383.

It is true that section 1182, Hemingway's Code (sec-
tion 1426, Code of 1906) provides that "All objections

to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the *venire facias* in capital cases and before the jury shall be impanelled in all other cases, and not afterwards, etc.;'' but ''An omission in an indictment for a felony going to the very essence of the offense renders it void and subject to attack at any time notwithstanding this section.'' *Cook* v. *State,* 72 Miss. 517, 17 So. 228; *Taylor* v. *State,* 74 Miss. 544, 21 So. 129. See, also, *Jesse* v. *State,* 25 Miss. 100; *Herron* v. *State,* 118 Miss. 420, 79 So. 289; *Riggs* v. *State,* 26 Miss. 51; *Jones* v. *State,* 21 Texas App. 349, 17 S. W. 424; *State* v. *Dougherty,* 30 Texas 360.

Even though one versed in the law could readily see and substitute the word *to* for the word *did,* as contained in the indictment, such could not overcome the fact that the indictment in the case at bar is fatally defective; for as stated by the court in the *Dougherty case, supra,* ''The court will not, from a knowledge of the language, supply the missing word so as to supply the probable intention of the grand jury.'' See *State* v. *Huston,* 12 Tex. 245; *Riley* v. *State,* 27 Tex. App. 606, 11 S. W. 642; *State* v. *Leach,* 27 Vt. 317; *State* v. *Halder,* 13 S. C. L. 277, 13 Am. Dec. 738; *Edmonson* v. *State,* 41 Tex. 496; *Moore* v. *State,* 7 Tex. App. 42; *Walker* v. *State,* 9 Tex. App. 177; 31 C. J. 658; *State* v. *Atkins,* 142 La. 862, 77 So. 771; *State* v. *Raymond,* 54 Mo. App. 425; *State* v. *Potter,* 29 Iowa, 554; *Edwards* v. *U. S.,* 226 Fed. 848; *State* v. *Helderle,* 203 Mo. 574, 102 S. W. 558; *State* v. *Charles,* 18 La. Ann. 720.

Without a question of a doubt, it cannot be denied but that if the defendant in this case, having no knowledge of the law, in reading the indictment against him, would have been unable to know from the charge as there attempted to be made whether he was charged with assault and battery with intent to kill and murder, or murder.

Even if the omission of essential allegations is due to clerical error, this affords no ground for sustaining an

indictment. The mistake is a fatal defect. *Martin* v. *U. S.,* 168 Fed. 198, 93 C. C. A. 484; 31 C. J. 663; *Scott* v. *State,* 89 T. R. 70, 228 S. W. 1099; *Foster* v. *State,* 19 Ohio St. 415.

*W. A. Scott, Jr.,* Special Agent, for the state.

It is undisputed that a person charged with assault and battery with intent to kill and murder may be convicted of a common assault, or of assault and battery without such intention. *Gileson* v. *State,* 38 Miss. 295; *Bedell* v. *State,* 50 Miss. 492; *Hairston* v. *State,* 54 Miss. 689; *Wood* v. *State,* 64 Miss. 761, 2 So. 247.

The intent is the gist of the offense of assault and battery with intent to kill and murder, and it is such intent that raises it from a misdemeanor to a felony. *Jeff* v. *State,* 37 Miss. 321; *Jeff* v. *State,* 39 Miss. 593; *Hairston* v. *State,* 54 Miss. 689.

The only objection to the present indictment is that part charging *intent.* Instead of using the infinitive clause "to kill and murder," the indictment charges "did kill and murder." Now, intent is not the gist of the offense of which the jury found the appellant guilty. Looking back on the indictment in the light of the conviction, the charge of intent is immaterial and can be treated as mere surplusage. Striking out this intent charge, a perfect indictment remains supporting simple assault and battery.

The appellant cannot be prejudiced by such a procedure. He stands acquitted by a competent jury for aggravated assault, and he certainly is not concerned about the validity of an indictment charging a crime of which he has been freed. Furthermore, it will be noted that the appellant went to trial on the foregoing indictment without interposing any objection by demurrer or otherwise.

The evidence must be reviewed in the light of the offense for which appellant was convicted. Every ques-

tion bearing on intent will be eliminated by this court on review. If this procedure is followed as to the evidence, we can seen no valid reason why it should not be followed as to the indictment. To hold otherwise would place the court in the contradictory position of disregarding intent in the testimony and holding it to be a vital element in the indictment.

The foregoing contention is not lacking in respectable authority. Our own court in *Martin* v. *City of Laurel,* 106 Miss. 357, 63 So. 670, decided that even though an affidavit was insufficient on a charge of resisting an officer by assault and battery, yet it was sufficient to uphold a conviction for simple assault and battery. In *State* v. *Howes,* 26 W. Va. 110, the court held that where an indictment is bad on a charge of robbery, if it is good on a charge of assault, a motion to quash is properly overruled. In *State* v. *Martin,* 54 Ore. 403, 103 Pac. 512, an indictment was held insufficient in charging murder in the first degree, but was sufficient on a charge of manslaughter, for which appellant was convicted. See, also, *Sullivan* v. *State,* 131 Ark. 107, 198 S. W. 518:

The appellant argues that the indictment is bad on its face as charging the commission of no crime known to law. With this contention we take issue, and maintain that it at least charges a simple assault and battery and, therefore, contend that the cases cited by appellant are not in point.

Argued orally by *A. T. L. Watkins,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a conviction of assault and battery, and the appellant's complaint is that the indictment on which he was tried, and which the reporter will set out in full, was fatally defective in that it failed to charge

the intent with which the alleged assault was made. The ground of the contention is that between the words "malice aforethought" and the words "kill and murder," there should have been written the word "to" instead of the word "did." This, of course, is true if the indictment was intended to charge an assault and battery with intent to kill and murder. The use of the word "did" was probably a clerical error. Leaving out of view the fact that the indictment probably charges the appellant with the crime of murder, and, if so, that he could be convicted thereunder of assault and battery, section 1499, Code of 1906 (Hemingway's Code, section 1257), the indictment does charge an assault and battery in appropriate and technical language; and, if it fails to charge that the assault was committed with intent to kill and murder, the appellant cannot complain thereat, since he was convicted of assault and battery only.

*Affirmed.*